ALLEN B. WRISLEY CO. v. GEO. E. ROUSE SOAP CO. et al.

(Circuit Court, E. D. Wisconsin. May 9, 1898.)

TRADE-MARKS—UNFAIR COMPETITION.

A solid blue label for packages of laundry soap, bearing the words "Old Country," is not infringed, or unfairly imitated, by the use of a label having on it the national colors of the United States, with the words "Our Country."

On motion for preliminary injunction to restrain the defendants from using the words "Our Country" as the designation of their manufacture of laundry soap, with the colors and form of labels on the packages shown in exhibits, based upon either of two grounds: (1) Infringement of complainant's trade-mark "Old Country," as applied to a brand of laundry soap; or (2) fraudulent simulation to palm off defendants' goods as those of complainant's manufacture.

Poole & Brown, for complainant.

Wigman & Martin and W. H. Timlin, for defendants.

SEAMAN, District Judge. The resemblance in form, size, and weight of the packages of soap in question and in the Manilla wrapper referred to in the bill filed is conceded to be common to other makes of laundry soap, and is clearly not actionable. There is no possible

confusion in the names of the respective manufacturers or their locations, but the similitude for which infringement or fraudulent appropriation is asserted rests in the use of the word "Country," with the qualifying word "Our," having the same initial letter and the same number of letters as in the word "Old" employed by the complainant; and that blue, which is the sole color printed on the complainant's label, is also made quite distinctive as one of the colors in defendants' label. On the other hand, the label of the defendants, taken as a whole, presents an appearance of contradistinction from the other. Instead of the sober single coloring of blue on the "Old Country" design, the defendants give emphasis to their assumption of patriotism in the title "Our Country" by taking on the national colors, so that the label is made in red, white (or buff), and blue; the stars and stripes being dominant in the general effect, and red, rather than the blue, the dominant color. The design, more effusive than æsthetic, has the effect of a challenge rather than a disguise. Surely, there can be no reasonable presumption that any purchaser of sufficient intelligence to know the want of a special brand, and looking for one marked as an "Old Country" production, would expect to find it under this fervid display of nativity.

I have carefully considered the authorities cited on behalf of the complainant, and not only recognize, but heartily concur in, the doctrine which prevails in this circuit, strongly favoring the equitable remedy against fraudulent means to divert or attract the legitimate trade belonging to another by disguises which impose upon unwary purchasers. Pillsbury v. Mills Co., 24 U. S. App. 395, 12 C. C. A. 432, and 64 Fed. 841; Johnson v. Bauer, 27 C. C. A. 374, 82 Fed. 662. See, also, N. K. Fairbank Co. v. R. W. Bell Mfg. Co., 45 U. S. App 190, 23 C. C. A. 554, and 77 Fed. 869; and note to Scheuer v. Mueller, 20 C. C. A. 165. But within the utmost extension of that doctrine no ground is established here, in my opinion, to grant the preliminary injunction prayed for. It must be left to final hearing to determine the weight which may be given to the term "Country," so far as that word may have been appropriated by the complainant to designate its manufacture of soap, especially in view of the showing on behalf of the defendants that the term has long been in popular use as some portion of the trade name of numerous other productions of soap, at least antedating the recording of complainant's trademark, and apparently unquestioned. Therefore the injunction pendente lite is denied.